## DUDLEY DOE *vs.* JOHN FLAKE.

A levy on land duly made, and recorded within the time prescribed by statute, has precedence over a prior levy not recorded within three months, nor until after the making of the second levy.

The mere fact that the second levying creditor acted as an appraiser when the first levy was made, is not sufficiently strong and decisive evidence of notice to defeat the priority to which such second creditor was entitled, by causing his levy to be made and seasonably recorded.

WRIT of entry, and plea the general issue. The demandant relied on a levy of an execution upon the demanded premises in his favor against one *Hiram Brackett,* issued on a judgment of the Court of Common Pleas, *August Term,* 1827. The execution was extended upon the land, *September* 12, 1827, and was recorded *December* 11, 1827. The tenant then introduced his title, a levy upon the same premises as the property of the same *Hiram Brackett,* under an execution issued upon a judgment at the *December Term* of the Court of Common Pleas, 1826, in favor of one *Burrill* against *Brackett,* and a conveyance from *Burrill* to him, *December* 21, 1829. This extent was made *Jan.* 15, 1827, and recorded *Dec.* 11, 1827. *Dudley Doe,* the demandant, was one of the appraisers when the last levy was made. Both executions were returned into the clerk's office immediately after they were recorded. The tenant has been in possession of the premises for the last ten years. If upon these facts the demandant was entitled to recover, a default was to be entered, and if not, a nonsuit.

*Z. Washburn,* for the demandant, contended, that the levy made and recorded within three months has precedence over that made prior to it, but not recorded until after the expiration of three months, and after the levy under which the demandant claims. This is fully settled. The fact that the demandant was one of the appraisers when the land was set off on the other execution, cannot alter the rights of the parties. He could not know that the officer would deliver seizin to the creditor, or that the creditor would accept it, or that the debtor would not pay the debt within the three months. The neglect to record his execution for more than three months and until after the second levy, was sufficient to

warrant the demandant in believing that the first levy was aban-
doned, or the land redeemed by payment of the debt. He cited
*M'Mechan* v. *Griffing*, 3 *Pick.* 149; *Norcross* v. *Widgery*, 2
*Mass. R.* 506; *Gorham* v. *Blazo*, 2 *Greenl.* 232; *M'Gregor*
v. *Brown*, 5 *Pick.* 170; *Foster* v. *Briggs*, 3 *Mass. R.* 319;
*Tobey* v. *Leonard*, 15 *Mass. R.* 200; *Whitman* v. *Tyler*, 8
*Mass. R.* 284; *Waterhouse* v. *Waite*, 11 *Mass. R.* 209; *Chand-
ler* v. *Furbish*, 8 *Greenl.* 408; *Ladd* v. *Blunt*, 4 *Mass. R.* 402.

*Vose & Lancaster* argued for the defendant, that the levy with-
out being recorded was sufficient to pass the title as between the
debtor and the creditor. It is not void, if not recorded within
three months. The object of recording is to give notice of its ex-
istence. Whenever actual notice of the levy is brought home to a
party, it is equivalent to recording. In this respect there is no dif-
ference between a levy on land, and a deed. They contended,
that the fact that the demandant was one of the appraisers was full
proof of his knowledge of the levy. *M'Lellan* v. *Whitney*, 15
*Mass. R.* 137.; *Cushing* v. *Hurd*, 4 *Pick.* 253; *Emerson* v. *Lit-
tlefield*, 3 *Fairf.* 148.

The opinion of the Court, was drawn up by

WESTON C. J.—The authorities, cited in this case, prove very
clearly, that a levy duly made and recorded, within the time pre-
scribed by statute, has precedence over a prior levy, not recorded
within three months, nor until after the registry of the second levy.
This doctrine is not contested; but it is insisted, that if the second
levying creditor has notice of the first levy, he cannot take ad-
vantage of the neglect of the creditor to cause the first levy to be
recorded. Assuming this position to be correct, and such seems
to be the bearing of the decisions, the case will turn upon the ques-
tion of notice.

In the case of *M'Mechan* v. *Griffing*, 3 *Pick.* 149, *Wilde J.*
who delivered the opinion of the Court, says, " as to express no-
tice, it has been uniformly held, that the proof must be clear and
unequivocal." And in commenting upon implied notice, he says,
" the principle is the same in both. The fact of notice must be
proved by indubitable evidence; either by direct evidence of the
fact, or by proving other facts, from which it may be clearly infer-

red. It is not in such case sufficient that the inference is probable. It must be necessary and unquestionable." For a full illustration of this principle, we refer to that opinion, which is elaborately drawn, and the authorities there cited.

The evidence of notice relied upon is, that the demandant, who was the second levying creditor, acted as an appraiser, when the first levy was made. This would be sufficient, if it was necessarily deducible, from what was done within his knowledge, that the levy was perfected. But the creditor may waive the levy. He may not be satisfied with the appraisement, or may have other inducements for declining finally to accept the land. In *Tobey* v. *Leonard*, 15 *Mass. R.* 200, *Parker C. J.* says, " the creditor may, and sometimes does decline having his levy recorded, not intending to take the land in satisfaction ; and this he is at liberty to do. He may also receive satisfaction in money, or otherwise, from the debtor, before the levy is recorded, or other reasons may exist to induce him to waive the title." The demandant, not finding the first levy recorded, within the time limited by law, might suppose it was not intended to be perfected. And in our judgment, the notice proved, is not sufficiently strong and decisive, to defeat the priority, to which the demandant was entitled, by causing his levy to be first recorded.

*Judgment for the demandant.*